AHAWIE VICTOR 79505412

3263 RUBIDOUX BLVD

RUBIDOUX CA 92509

Related DDJ

FILED
CLERK, U.S. DISTRICT COURT

JUN 2 6 2025

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION   BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT COURT RIVERSIDE CA.

VICTOR A HAWE

PETITIONER

CASE #

V

**EDCV25-01616**-JGB(BFM)

1, WILLIAM K MARSHALL III
DIRECTOR OF BUREAU OF PRISONS

2, PROGRAM DIRECTOR - BSS - RUBIDOUX RRC

3 OFFICER J. BATALLA VELASQUEZ

4 OFFICER J. SIMSON

5 OFFICER H. FLORES

FCI - LOMPOC - CAMP

66 PROGRAM DHO LOMPOC FCI - CAMP

COMPLAINT

1983 CIVIL RIGHT VIOLATION BY PERSONS
ACTING UNDER THE COLOR OF LAW

1—24

PETITION COMPLAINT IS PERTINENT TO
DEPRIVATION OF 1983 CIVIL RIGHT BY
PERSONS ACTING UNDER THE COLOR OF
LAW. PETITIONER ESTABLISH THAT DEFENDANT
DEPRIVED HIM OF A/SOME FEDERAL RIGHTS
William V. DARK, 844 F. SUPP. 210, 213
(E. Pa. 1993) AFFd, 19F 3d. 645 (3d Cir.1994)
(CITING GOMEZ V. TOLEDO, 446 H·S 635,
100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980).

PETITION ARGUE A 1983 CIVIL RIGHT
VIOLATION CLAIM AGAINST DEFENDANTS

PETITIONER CONTEND THAT

1. PETITIONER'S RIGHT IS SECURED BY THE
   CONSTITUTION OR LAWS OF UNITED STATES
   WAS VIOLATED

2. AND THE ALLEGED VIOLATIONS WAS
   COMMITTED BY PERSONS ACTING UNDER
   THE COLOR OF LAW — LONG V. COUNTY
   OF LOS ANGELES, 442, F 3d 1178 1185 (9th Cir. 2006)

2—24

PETITIONER ALLEGE THAT DEFENDANTS UPON
EXPUNGMENT OF UNCONSTITUTIONAL DECIPLINARY
ACTION — A MISTAKE AT LAW (ACCEPTED BY DEFENDANTS)
(EXHIBIT AVIALABLE UPON REQUEST) AND UNDER CONDITIONS
THAT VALIDATES PETITIONER'S CLAIM FOR UNCONSTITUTIONAL
APPLICATION OF LAW IN THE EXECUTION OF PETITIONER'S
SENTENCE (A QUESTIONABLE SENTENCING IN DISPUTE)
FAILED TO RESTORE PETITIONER'S PROTECTED CONSTITUTIONAL
RIGHTS — A STATUE OF LIBERTY INTEREST MANDATING
REDUCTION OF SENTENCE UPON PETITIONER'S
ELIGIBILTY — PROCEEDURAL CONDITION MET BY PETITIONER.

PETITIONER ARGUE THAT DEFENDANTS PURPORTED DELIBERATE
INDIFFERENT TO RESULT MISTAKE AT LAW TO INFRINGE
PETITIONER'S CIVIL RIGHTS AND VIOLATION OF LAW AND STATUE OF USA
PETITIONER WAS ALSO DENIED RIGHT TO RELIGIOUS RIGHTS
AND MORE, UNCONSTITUTIONALLY.

PETITIONER ARGUE THAT 42 USCS 1983 WAS DESIGNED TO PROTECT INDIVIDUALS SUCH AS PETITIONER AGAINST DEFENDANTS UNDER THE COLOR OF LAW THE MISUSE OF POWER MADE POSSIBLE ONLY BECAUSE WRONGDOERS IN THE (DEFENDANTS) IS CLOTHED WITH AUTHORITY DUCHENSHE V. SUGARMAN 566 F. 2d 817 1977 U.S APP LEXS 11360 (2d. Cir. 1977).

PETITIONER ALLEGE THAT DEFENDANTS HOLDS SUPERVISORY POSITION AS A POSITION TO GUARANTTEE EQUAL PROTECTION BY LAW.

PETITIONER ARGUE THAT SUPERVISORY LIABILITY UNDER 1983 OCCURS EITHER WHEN THE SUPERVISOR PERSONALLY PARTICIPATES IN THE ALLEGED CONSTITUTIONAL VIOLATION OR WHEN THERE IS A CAUSAL CONNECTION BETWEEN ACTIONS OF THE SUPERVISING OFFICIALS AND THE ALLEGED CONSTITUTIONAL DEPRIVATION IS (Quotation & BRACKETS omitted).

4-24

AND MISINTERPRETED FACTS TO VIOLATE
THE PROCESS OF EXPUNGMENT. 04-17-25
PETITIONER ASSERT THAT WRONGFULL
INTERPRETATION OF FACTS BY DEFENDANTS
IS CULPRIT TO LACK OF SENSITIVITY OF FACTS
ON EXPUNGMENT OF 04-17-24 CAUSING
PETITIONERS IRREPARABLE HARM TO RESULT
" UNLAWFUL DETAINER" AT BSS-RUBIDOUX
RRC

PETITIONER ARGUE FOR UNCONSTITUTIONAL
INCARCERATION AT BSS-RUBIDOUX RRC.
A SHOWING OF A REASONABLE LIKELIHOOD
OF SUCCESS ON THE MERITS RAISES A
PRESUMPTION OF IRREPARABLE HARM
MICRO STAR V. FORMGEN INC. 54 F.3d
1107, 1109 (9th Cir. 1998).

PETITIONER MOVE THE COURT A SHOWING
FOR UNLAWFUL INCARCERATION AT BSS-RUBIDOUX
RRC AS IRREPARABLE HARM BY THE DEFAULT
AGAINST DEFENDANTS.

5-24

DEFENDANTS OFFICERS AT LOMPOC FACILITY J. SIMPSON, H. FLORES, J BATALLA VELASQUEZ AND DEFENDANTS PARTICIPATED OR A CAUSAL CONNECTION OF THEIR ACTIONS TO VIOLATE PETITIONER'S CIVIL RIGHTS, AND VIOLATIONS OF OTHER LAWS TO RESULT PETITIONER'S IRREPARABLE LEGAL INJURY.

PETITIONER COMPLAINT ALLEGE THAT WILLIAM MARSHALL III (THE BUREAU OF PRISON DIRECTOR) AND HIS OFFICERS ACTING UNDER THE COLOR OF LAW AND HIS AGENCY BSS-RABIDOUX RRC (WHERE PETITIONER IS CURRENTLY HOUSED) PERSONALLY BY PARTICIPATION OR A CAUSAL CONNECTIONS OF THEIR ACTIONS TO THE VIOLATIONS OF PETITIONER'S CIVIL RIGHTS AND VIOLATION OF OTHER FEDERAL LAWS TO RESULT IRREPARABLE INJURY ON PETITIONER

PETITIONER ALLEGE THAT DEFENDANTS HOLDS SUPERVISORY ROLE AND FAILED ITS DUTY OR DERELICTION OF ITS DUTY AS SUPERVISING OFFICIALS TO RESTORE ITS DECISIONS ON 04-17-25

PETITIONER MOVE A MOTION TO COMPEL DEFENDANTS FOR PRODUCTION OF THIS MATERIALS FACTS — SOME OF THIS DOCUMENTS UNLAWFULLY CONFISCATED BY DEFENDANTS

6-24

PETITIONER HAS SOME DOCUMENTAL EVIDENCE AVAILABLE UPON REQUEST. TO VALIDATE PETITIONER'S CLAIMS ON THE ALLEGED CONSTITUTIONAL RIGHT VIOLATIONS, VIOLATIONS OF OTHER FEDERAL LAWS/STATUE AND VIOLATIONS OF PETITIONER'S CIVIL RIGHTS.

PETITIONER ALLEGE THAT SLIGHT CHANGE IN THE REPRESENTATION FACTS UNDER A MISTAKE AT LAW BY DEFENDANTS IN PETITIONER'S BOP SENTRY MADE ANY MATERIAL PRESENTED BY DEFENDANST AS PETITIONER'S BOP SENTRY "A FRUIT FROM A POISONED TREE" AND VALIDATE MATERIAL FACTS ALLEGE BY PETITIONER AS PRODUCT OF MISTAKE AT LAW TO TOTALLY RESULT DIFFERENT CONCLUSION OF LAW BY DEFENDANTS WRONGFUL APPLICATION OF LAW ON A CASE IN DISPUTE.

PETITION ALLEGE THAT DEFENDANTS ADMINISTRATIVE REMEDY RESOLUTION CLEAR SHOW ADMISSION OF CONSTITUTIONAL VIOLATION BUT ACTED "DELIBRATE INDIFFERENT" INTENTIONALLY, WILLFULLY

TO MIS-REPRESENT MATERIAL FACTS TO PERPETUATE AND EXASPERATE PETITIONER'S LEGAL INJURY BY INTIMIDATION AND WRONGFUL APPLICATION OF LAW IN EXECUTING PETITIONER'S SENTENCE

DELIBERATE INDIFFERENCE
PETITIONER ARGUE THAT DEFENDANTS KNOWING DISREGARD OF A SUBSTANTIAL RISK OF SERIOUS HARM TO PETITIONER PETITIONER ARGUE THAT DEFENDANTS KNEW/HAVE/ IS AWARE OF KNOWLEDGE OF RISK, CONSCIOUS DISREGARD AND HARM OR RISK OF HARM OF ITS MISTAKE AT LAW (EVIDENCE OF ADMISSION TO DUE PROCESS VIOLATION AVAILABLE UPON REQUEST) MEETS THE KEY ELEMENTS OF DELIBERATE INDIFFERENCE BUT FAILED TO TAKE REASONABLE STEPS TO PROTECT PETITIONER PETITIONER ARGUE THAT DEFENDANTS VIOLATIONS ARE MORE THAN MERE NEGLIGENCE OR OVERSIGHT. BECAUSE IT INVOLVED DEFENDANT MADE CONSCIOUS DECISION TO IGNORE PETITIONER'S INJURY BUT INSTEAD ENGAGED IN ARTIFICES TO PREVENT FURTHER HARM.

8-24

PETITIONER

TO SATISFY THE ELEMENT OF SUCCESS ON THE MERITS ON PETITIONERS COMPLAINT. ELEKTRA ENTERTAINMENT GROUP INC. V. BRYANT NO CV 03-6381GAF (JTLX). 2004, U.S DIST LEXIS 26700, 2004 WL 783123, at *6 (C.D CAL. FEB. 13. 2004)

PETITIONER ARGUE A CAUSAL LINK BETWEEN CIVIL RIGHT VIOLATION BY DEFENDANTS IN THEIR EXECUTION OF PETITIONERS SENTENCE AND UNCONSTITUTION CONTINOUS INCARCERATION OF PETITIONER AT BSS- RUBIDOUX RRC. AS AN EXTERNAL FACTOR THAT HINDERED COMPLIANCE TO DEFENDANTS EXECUTION OF PETITIONERS SENTENCE AND DEMANDS A REVERSAL.

TURNER V. JABE 58 F 3d 924, 931. (4th Cir. 1995).

PETITIONER ALLEGE THAT IF SUCCESSFUL WILL RESULT ON PETITIONERS QUICK RELEASE.

PETITIONER ARGUE THAT DEFENDANTS ACTION OF "DELIBRATE INDEFFERENCE" AND BIAS IS A SERIOUS ISSUE THAT CAN COMPROMISE THE FAIRNESS AND INTERGRETY IN THE EXECUTION OF DEFENDANTS SENTENCE.

PETITIONERS FACTS ALLEGED SUPPORTS A VIABLE CLAIM OF A CONSTITUTIONAL AND CIVIL RIGHT VIOLATION BY DEFENDANTS.

PETITIONER ASSERT THAT CONSTITUTIONAL VIOLATIONS ARE ONLY ACTIONABLE UNDER 1983 BECAUSE PETITIONERS ALLEGED A DEPRIVATION OF FEDERAL CONSTITUTIONAL OR STATUTARY RIGHT FOR ACTIONS UNDER COLOR OF LAW BY ACTIONS OF GOVERNMENT OFFICIALS ACTING AS SUPERVISORS.

PETITIONER ASSERT THAT JUSTICES OF THE SUPREME COURT AGREE AND ALLOWS RELITIGATION OF A CONSTITUTIONAL CLAIM IN ANY CASE IN WHICH THE PETITIONER HAS MADE A "COLORABLE CLAIM OF FACTUAL INNOCENCE" SUCH AS PETITIONERS COMPLAINT PRESENTED.

10-24

PETITION MOVE A MOTION TO COMPEL DEFENDANTS PRODUCE THE PETITIONER'S BOP SENTRY BEFORE THE FRUIT WAS POISONED 09-26-25 AS EVIDENCE FOR UNCONSTITUTIONAL INCARCERATION AT BSC - RUBIDOUX RRC.

PETITIONER ARGUE THAT DEFENDANTS ACTION CONSTITUTE FRAUD AND ALLEGE CONSPIRACY TO COMMITE FRAUD BY DEFENDANTS.
PETITIONER ARGUE THAT DEFENDANTS CONDUCT MEETS 9 ELEMENTS TO PROVE FRAUD
A CAUSE FOR NONCOMPLIANCE BY DEFENDANTS ON DUE PROCESS VIOLATION AT LOMPOC-FCI-CAMP AGREED BY DEFENDANTS AS EVIDENCES ON EXPUNGEMENT BY DEFENDANTS 04-17-25
ACTUAL PREJUDICE RESULTING FROM DEFENDANT'S MISTAKE AT LAW ON THE ALLEGED CONSTITUTIONAL VIOLATION
MURRAY 477 U.S at 533 (quoting WAINWRIGHT V. SYKES, 433 U.S 84 (1977).

PETITIONER ARGUE THAT JUDGMENT REQUIRES THIS COURT TO STRIKE A BALANCE BETWEEN THE PRINCIPLES OF JUSTICE AND FINALITY.

PETITIONER ARGUE THAT ACTIONS OF DEFENDANTS ABDICATES THEIR SOLEMN RESPONSIBILITY AS THE GATEKEEPERS TO JUSTICE BECAUSE OF ABUSIVE EXECUTION OF SENTENCE, WRONGFUL APPLICATION OF LAW ON CASE ON DISPUTE. MAKING DEFENDANTS AS A SQUARE - PEG TRYING TO FIT INTO A ROUND HOLE.

PETITIONER ARGUE THAT REMEDIAL AND EQUITABLE NATURE OF THE FRAUD BY DEFENDANTS EXECUTION OF PETITIONER'S SENTENCE AS ORDERED BY COURT'S DOCTRINE AND THE GREAT PUBLIC POLICY THAT IT EMBODIES MILITATES AGAINST MAKING THAT BURDEN AN IMPOSSIBLE HURDLE FOR PETITIONER, AS VICTIM

12-24

INJUNCTIVE RELIEF.

PETITIONERS CONSTITUTIONAL INJURY CLEARLY SHOW IRREPARABLE HARM AS THE DEFAULTS AGAINST DEFENDANT SATISFIES THE ELEMENT OF SUCCESS ON INJUNCTIVE RELIEF MERITS ELEKTRA ENTERTAINMENT GROUP, INC. V. BRYANT. NO. CV 03 - 6381 GAF (JTLX), 2004 U.S. DIST LEXIS 26700, 2004 WL 783123, at X6 (C.D. CAL. FEB. 13. 2004).

PETITIONER ARGUE THAT DEFENDANTS ACTIONS CONSTITUTE A "SHOWING OF A REASONABLE LIKELIHOOD OF SUCCESS ON THE MERITS RAISES A PRESUMPTION OF IRREPARABLE HARM" MICRO STAR V. FORMGEN INC. 154 F 3d 1107, 1109 (9th CIR. 1998).

PETITIONER ASSERT THAT FAILURE TO GRANT INJUNCTIVE RELIEF WOULD RESULT IN CONTINUING HARM AGAINST PETITIONER AND OTHER RECOURSE FOR RECOVERY.

13-24

Petition argue that under 17 U.S.C. 502 this court has the power to grant a "Temporary and Final Injunction on such terms as it may deem reasonable to prevent or restrain infringement" and a permanent injunction granted when liability has been established.

Petitioner argue that defendants positions and pattern of action poses threat of continuing violation :— MAI Systems Corp v. Peak Computer, Inc., 991 F 2d 511, 520 (9th Cir. 1993).

## SUPERVISOR LIABILITY

THE 9TH CIRCUIT HAS STATED THAT (A) SUPERVISOR IS LIABLE FOR CONSTITUTIONAL VIOLATIONS OF HIS SUBORDINATES IF THE SUPERVISOR PARTICIPATED IN OR DIRECTED THE VIOLATION, OR KNEW OF THE VIOLATIONS AND FAILED TO ACT TO PREVENT THEM " — TAYLOR V. LIST, 880 F.2d 1040, 1045 (9th Cir. (1989).

PETITIONER, A PRISONER SHOWS THAT DEFENDANTS CONDUCTED THE OR EXTEND UNCONSTITUTIONAL JUDICIAL PROCEDURE TO RESULT HIM IN BOP CUSTODY. DEFENDANTS HAVE SUPERVISORY ROLE ON THE BOP. AND THUS HAD EITHER PERSONAL INVOLVEMENT IN THE VIOLATIONS OR " SUFFICIENT " CAUSAL CONNECTION BETWEEN THE SUPERVISOR'S WRONGFUL CONDUCT AND THE CONSTITUTIONAL VIOLATIONS " — HANSEN V. BLACK, 885 F.2d 642 (9th Cir. 1989).

## LEGAL STANDARD

PLAINTIFFS PLEADS FACTUAL CONTENT WHICH ALLOWS THE COURT TO DRAW THE REASONABLE INFERENCE THAT THE DEFENDANTS ARE LIABLE

15—24

PETITIONER ARGUE THAT DEFENDANT'S CIVIL RIGHT VIOLATION, WAS UNDER THE COLOR OF LAW, CONSTITUTE COLORABLE CONSPIRACY TAINTED WITH FUNDAMENTAL PROCEDURAL IRREGULARITY OR THE LIKE" TO SHOCK THE CONSCIENCE"; CREATIVE ENV'ts INC. V. ESTABROOK, 680 F.2d 822, 833 (1st Cir. 1982). SEE ALSO [633 F Supp. 3d 376).

PETITIONER ARGUE THAT DEFENDANTS ACTION WAS AGGRAVATIVE UNDER WILFULLY, INTENTIONALLY CONSPIRED AGAINST PETITIONER HIS CIVIL RIGHT BY UNCONSTITUTIONALLY SECURING CONVICTION BY VIOLATION OF DUE PROCESS OF LAW AND A FRAUD ON THE COURT.

16-24

# Conspiracy

Section 1983 Conspiracy Claim is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means. Petitioner argue that defendants actions under the color of law meets the principal element of which was an agreement between defendants to effect a wrong against and injury on petitioner had an overt act — "petitioner's criminal trial under due process violation" that results in damages " Estate of Bennett v. Wainkright, 548 F. 3d 155, 178 (9th Cir. 2008). Abrogated in part on other grounds by Maldonado v. Fortanes, 568 F. 3d 263) (Citation omitted)

Plaintiff asserts defendants dereliction of duty to establish not only a conspiratorial agreement, but also supervisory liability or both to establish an actual abridgment of some petitioner's federally - secured right

17-24

NIEVES  V. MC-SWEENY (241 F.3d 46, 53 (1st Cir. 2001) (Citation Omitted).

PETITIONER ALLEGE DISCRIMINATION UNDER SECTION 1985 CLAIM TO BRING CONSPIRACY CLAIMS UNDER SECTION 1983

CONSPIRACY TO VIOLATE PETITIONER'S CIVIL RIGHTS IN ADDITION

(c). INTENTIONAL AND WILLFUL INFLICTION OF EMOTIONAL DISTRESS — CONLEY V. ROMERI, 60 MASS, APP CT. 799 803, 806 N·E 2d 933 (2004).

MALICIOUS EXECUTION OF SENTENCE

FAILURE TO ADEQUATELY TRAIN AND/OR SUPERVISE OFFICERS

DEFAMATION OF PETITIONER AS A RESULT OF DEFENDANTS MISTAKE AT LAW

UNCONSTITUTIONAL RESTRAIN ON PETITIONER AS A RESULT OF DEFENDANTS MISAPPLICATION OF LAW

CONSPIRACY TO FRAUD THE COURT BY DEFENDANTS
    A = CONTINUOUSLY DENYING PETITIONER ACESS TO COURT
    B = MALFEASANCE ACT BY DEFENDANTS ACTION ON PETITIONER'S MAIL — A USPS VIOLATION CODE.

18-24

C = CONFISCATION OF PETITIONER'S LEGAL MATERIALS AS A PRO SE LITIGANT TO RESULT IN DENIALS OF 6th AMENDMENT CONSTITUTIONAL RIGHT.

PETITIONER ARGUE THAT A CONSPIRACY EXIST BECAUSE THE DEFENDANTS KNOWINGLY AND INTENTIONAL AGREED TO VIOLATE THE LAW OF UNITED STATES, AND ACTED AGAINST ITS OWN PROGRAM STATEMENT AND TOOK STEP TOWARDS EFFECTUATING THAT UNLAWFUL AGREEMENT, " TO CONTINUE ITS UNLAWFUL MISTAKE AT LAW

19-24

PETITIONER HAS EXHIBIT TO PROVE EXHAUSION
OF ADMINISTRATIVE REMEDY TO ESTABLISH
CLAIMS FOR RECENT EXHAUSTION OF ADMINISTRATIVE
REMEDY

PETITIONER ALSO ARGUE THAT PETITIONERS
COMPLAINT IS SUPPORTED BY 9TH CIRCUITS CONDITIONS
WHEN ~~ADMINISTRATIVE REMEDY IS NOT REQ~~
EXHAUSTION OF ADMINISTRATIVE REMEDY IS NOT
REQUIRED BECAUSE DEFENDANTS ACTION
CLEARLY SHOWN PETITIONERS ATTEMPT TO
EXHAUST ADMINISTRATIVE REMEDY RESULTED
TO FUTILITY.

DEFENDANTS ACTIONS COULD NOT PREVENT
ITS OFFICIAN FROM THE VIOLATIONS OF PETITIONER
CONSTITUTIONAL RIGHTS OR STATUTORY RIGHTS
OR OTHER ~~FEDERAL~~ FEDERAL LAWS.

DEFENDANTS AS SHOWN COULD NOT PREVENT
PETITIONERS INJURY.

PETITIONER ARGUE THAT DEFENDANTS ACTION TO RESTRICT PETITIONER VIOLATE PETITIONER'S CIVIL RIGHT CONSTITUTE ABUSE OF POWER

A MISCONDUCT OF EXCESSIVE UNLAWFUL MALICIOUS APPLICATION OF UNCONSTITUTIONAL FREE FORCE TO VIOLATE DUE PROCESS UNDER PREJUDICE AND VIOLATIONS OF EQUAL PROTECTION OF LAW

PETITIONER ESTABLISH THAT DEFENDANT ACTED UNDER THE COLOR OF LAW AND UNDERMIND SENSITIVITY OF THE CONSEQUENCES OF ITS ACTIONS ON PETITIONER AND PETITIONER MINOR CHILDREN.

PETITIONER ARGUE THAT DEFENDANT WILLFULLY AND INTENTIONALLY CONSPIRED TO INFLICT LEGAL INJURIES ON HIM AND MINOR CHILDREN BY DEPRIVING HIM HIS CONSTITUTIONAL RIGHTS AND CIVIL RIGHTS.

PETITIONER ARGUE UNFAIR APPLICATION OF LAW ON A DISPUTE BY DEFENDANTS OR PREJUDICE BY WILLFUL INTENT AND KNOWLEDGE BY PURPOSEFUL DISCRIMINATION IN THE APPLICATION

21-24

OF CONSTITUTIONAL REMEDY

PETITIONER MOVE THE COURT AGAINST DEFENDANTS
FOR NEGLIGENCE AND CONTEND THAT DEFENDANTS
MISTAKE AT LAW AND FAILURE TO PROVIDE
CURATIVE CONSTITUTIONAL REMEDY IS A
DESPICABLE ACT TO SHOCK CONSCIENCE

PETITIONER ARGUE THAT DEFENDANTS HAD A
DUTY TO PROTECT HIM FROM ITS OFFICER'S
GROSS MISCONDUCT AND VOYEURISM AND THAT
DEFENDANT NEGLIGENCE DIRECTLY CAUSED
HIM INJURY AND CONTINUOUS UNLAWFUL
INCARCERATION.

PETITIONER COMPLAINT MEET THE CONDITION
"DEPRIVATION OF RIGHT PRIVILEGE OR
IMMUNITIES SECURED BY THE CONSTITUTION
AND LAWS OF UNITE STATES BY OFFICIALS
UNDER THE COLOR OF LAW, ORDINANCE,
REGULATION OR PERPETRATE BY OFFICIALS
ACTING UNDER THE COLOR OF LAW.

PETITIONER SEEK INJUNCTIVE RELIEF FROM
DEFENDANTS AND IMMEDIATE DISCHARGE
UNTIL PETITIONERS APPEAL TO VACATE AND
SET ASIDE THE UNCONSTITUTIONAL INCARCERATION
APPEAL OF ONGOING APPEAL AT 2ND CIRCUITS
# 25-356 IS OVER

AND

COMPENSATION OF $50,000,000:00
FIFTY MILLION DOLLARS FOR INJURIES CAUSED
BY DEFENDANTS PLUS PUNITIVE DAMAGES.

RESPECTFULLY SUBMITTED

VICTOR AHAIWE 7936512.

23-24

LAST KNOWN ADDRESS OF DEFENDANTS

(1) BUREAU OF PRISON
CENTRAL OFFICE
320 FIRST STREET NW.
WASHINGTON, DC 20534

BUREAU OF PRISON
7338 Shoreline Dr.
STOCKTON CA 95219

(2) BSS - RUBIDOUX RRC
3263 RUBIDOUX BLVD
RUBIDOUX CA 92509

APHATIE MCCUR MS651R
3263 RUBIDOUX BLVD
RUBIDOUX CA 92509
RUBIDOUX RRC — BSS





THE CLERK
UNITED STATES COURT HOUSE
3470 TWELFTH STREET
RIVERSIDE, CA 92501 - 3801